The declaration stated the said Theodosia, while sole, to have been possessed of the slaves sued for, as administratrix of her late husband; and proceeded in the usual form. Issue was joined on the plea of non detinet.
At the trial, the defendant by his counsel, moved for a non suit, because the plaintiff Theodosia’s title accrued, if at all, as administratrix of Anderson Hughes deceased, and the plaintiffs had not produced any evidence or proof, that administration, on the estate of the said Anderson Hughes, had been committed to the plaintiffs, or either of them; which fact, as alleged by the defendant’s counsel, was admitted by the Court, but the objection was overruled; the plaintiffs having declared upon the possession of the administratrix while sole, and such possession being proved at the trial;* and it not being the practice of *479 ilie Courts of this Commonwealth, to produce the certificate for obtaining letters of administration in Court, unless the party hath received previous notice that the same would be required.
The defendant also moved for a non suit, because there was no evidence of a deed from the decedent’s father the now defendant, to the deceased, and that such gift without deed, under the adjudication in the Court of Appeals, was void. But, the plaintiffs having offered testimony to prove a communication, respecting the intermarriage of the said ,/tnde.rson Hughes deceased, and the plaintiff Theodosia, as the consideration on which the said gift was founded, which testimony the Court thought proper to leave to the consideration of the jury, the motion for a non suit was overruled; and the Court left to the consideration of the jury, as well the testimony respecting such communication, as the evidence produced on the part of the defendant, that, the said verbal gift and delivery of the slaves in pursuance thereof, were conditional, and made by the defendant to the deceased Jlnderson Hughes, near three years before any such communication respecting the said marriage, which afterwards took effect between the said parties; whereupon, the defendant by his counsel excepted to the opinion of the Court in the premises, and prayed that his exceptions might be saved, &c. which was accordingly done.”
Verdict and judgment were rendered for the plaintiffs; and the defendant appealed to this Court. The cause came on to be argued before all the Judges, and the judgment of the District Court was affirmed.

[* See Marsfield v. Marsh, 2 Lord Raym. 824; Thynne, adm'r. v. Protheroe, 2 Man. & Selw. 553.]